1  JOSHUA E. KIRSCH (179110)
   GIBSON ROBB & LINDH LLP
2  1255 Powell Street
   Emeryville, California 94608
3  Telephone:  (415) 348-6000
   Facsimile:   (415) 348-6001
4  Email:        jkirsch@gibsonrobb.com

5  Attorneys for Plaintiffs
   CERTAIN UNDERWRITERS AT LLOYD'S
6  SUBSCRIBING TO POLICY NO. 10000525
   and VERKADA, INC.
7

8

9                UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12 | CERTAIN UNDERWRITERS AT          | Case No. 2:24-cv-01151
   | LLOYD'S SUBSCRIBING TO           |
13 | POLICY NO. FAL-2000527; and      | **COMPLAINT FOR NON-**
   | VERKADA, INC.,                   | **DELIVERY OF CARGO**
14 |                                  |
15 |          Plaintiffs,             | ($33,508.46)
16 |                                  |
   |      v.                          |
17 |                                  |
18 | EXPEDITORS INTERNATIONAL OF      |
   | WASHINGTON, INC.; FASTMORE       |
19 | LOGISTICS, LLC; TA TRUCKING;     |
   | TA LOGISTICS; NHU K. NHI LY dba  |
20 | NLV Trucking; and DOES ONE       |
   | through TEN,                     |
21 |                                  |
22 |          Defendants.             |
23

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1        Plaintiffs' complaint follows:

2   **GENERAL ALLEGATIONS**

3       1.    Plaintiff CERTAIN UNDERWRITERS AT LLOYD'S

4   SUBSCRIBING TO POLICY NO. FAL-200005237 ("LLOYD'S"), is now, and at

5   all times material was, a group of insurance syndicates associated with Lloyd's of

6   London, which are citizens of the United Kingdom, and was all relevant times, the

7   insurer of VERKADA, INC. ("VERKADA") and the security systems that are the

8   subject of this lawsuit.  VERKADA is, and at all times herein material was, a

9   corporation duly organized and existing by virtue of law, and was the owner of the

10  subject security systems.

11      2.    Plaintiffs are informed and believe and on the basis of that information

12  and belief allege that EXPEDITORS INTERNATIONAL ("EXPEDITORS");

13  FASTMORE LOGISTICS, LLC; TA TRUCKING; TA LOGISTICS; NHU K. NHI

14  LY dba NLV Trucking, and DOES ONE through TEN are now and at all times

15  herein material were engaged in business as brokers and/or common carriers for hire

16  in the county of San Bernardino, State of California.

17      3.    The true names of defendants sued herein as DOES ONE through TEN,

18  each of whom is or may be responsible for the events and matters herein referred to,

19  and each of whom caused or may have caused or contributed to the damage herein

20  complained of, are unknown to plaintiffs, who therefore sus said defendants by such

21  fictitious names.  Plaintiffs will amend their complaint to show the true names of

22  said defendants when the same have been ascertained.

23      4.    The claims alleged herein contain a cause of action for non-delivery of

24  cargo under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. §

25  14706. Accordingly, this Court has jurisdiction over this claim pursuant to 28

26  U.S.C. §1331.  Venue is proper under 28 U.S.C. §1391(b).

27  / / /

28  / / /

5.      Plaintiffs are informed and believe and on the basis of such information and belief alleges that on or about February 9, 2023, at Grapevine, Texas, all named defendants, and DOES ONE through TEN, received a cargo of 1,083 units of security systems belonging to VERKADA and/or related entities.  Under the applicable bills of lading, pickup number F232558968, and others, said defendants, and each of them, agreed, orally and in writing, and in return for good and valuable consideration, to carry said cargo from Grapevine, Texas, to Ontario, California, and there deliver said cargo in the same good order, condition, and quantity as when received.

6.      Thereafter, in breach of and in violation of said agreements, said defendants did not deliver said cargo in the same good order, condition, and quantity as when received at Grapevine, Texas.  To the contrary, said defendants, and each of them, failed to deliver the subject shipment in its entirety, to its intended destination of Ontario, California, as a result of which a substantial portion of the cargo was lost.  The value of the undelivered cargo was $33,508.46.

7.      Prior to the shipment of the herein described cargo and prior to any loss thereto, LLOYD'S issued its policy of insurance whereby LLOYD'S agreed to indemnify the owner of said cargo, VERKADA, and its assigns, against loss of or damage to said cargo while in transit, including mitigation expenses, and LLOYD'S has therefore become obligated to pay, and has paid, to the person entitled to payment under said policy, VERKADA, the sum of $31,508.46, which is the value of the non-delivered cargo (net of the $2,500 policy deductible), on account of the herein described loss. As a result, Plaintiff LLOYD'S has been damaged in the amount of $31,508.46, and plaintiff VERKADA has been damaged in the amount of $2,500.

/ / /

/ / /

/ / /

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against defendants; that this Court decree payment by defendants to Plaintiffs in the amount of $33,508.46, or another amount to be proven at trial, together with prejudgment interest thereon and costs of suit herein; and that Plaintiffs have such other and further relief as in law and justice they may be entitled to receive.

Respectfully submitted,

Dated: February 9, 2024

GIBSON ROBB & LINDH LLP

/s/ JOSHUA E. KIRSCH
Joshua E. Kirsch
jkirsch@gibsonrobb.com
Attorneys for Plaintiffs
CERTAIN UNDERWRITERS AT
LLOYD'S SUBSCRIBING TO POLICY
NO. FAL-2000527 and VERKADA, INC.